USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/26/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                                                                   :
MARILENA C. PAROLISE,                                              :
                                                                   :
                              Petitioner,                          :      1:24-cv-1382-GHW-KHP
                                                                   :
              -v-                                                  :      ORDER
                                                                   :
PORTFOLIO RECOVERY ASSOCIATES, LLC,                                :
                                                                   :
                              Respondent.                          :
                                                                   :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

  This action relates to a $8,190.99 debt allegedly owed by Petitioner, which was later assigned to Respondent. On August 26, 2024, Magistrate Judge Katharine H. Parker issued a thoughtful and well-reasoned report and recommendation (the "R&R"), recommending that Respondent's motion to dismiss the amended petition be granted and that Petitioner's emergency motion to stay arbitration be denied. Dkt. No. 49. On September 9, 2024, Petitioner filed objections to the R&R. Dkt. No. 50 (the "Objections"). On September 23, 2024, Respondent filed an opposition to those objections. Dkt. No. 52 (the "Opposition"). Because the R&R is sound, the Court adopts it in full and grants Respondent's motion to dismiss the case.

### I. LEGAL STANDARD

  A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

  When a party timely objects to a magistrate's report and recommendation, a district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1). But where "the party makes only frivolous, conclusory or general objections, or simply reiterates her original arguments, the Court reviews the report and recommendation only for clear error." *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)). "Further, the objections 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). The Court also reviews for clear error those parts of the report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

Submissions filed by *pro se* litigants are liberally construed and interpreted "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ." (citation omitted)); *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) ("Where . . . the complaint was filed *pro se*, it must be construed liberally to raise the strongest arguments it suggests." (citation omitted)). However, "the liberal treatment afforded to *pro se* litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks and citation omitted); *see also Rahman v. Schriro*, 22 F. Supp. 3d 305, 310 (S.D.N.Y. 2014) ("[D]ismissal of a pro se complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements.").

**II.   DISCUSSION**

For purposes of its evaluation of the R&R, the Court treats the Petitioner's Objections as sufficiently precise to merit *de novo* review. The Court has reviewed the briefing with respect to the pending motions that are resolved by the R&R, the Objections, the Opposition and has conducted a

2

*de novo* review of the arguments presented in connection with those motions, informed by the arguments presented in the Objections and the briefing responding to them. Having done so, the Court rejects the Objections and adopts in full the thoughtful and well-reasoned R&R by Judge Parker. At base, the R&R correctly analyzed the relevant issues, and the Objections do not provide a valid reason to disturb the thoughtful analysis and presentation of the issues presented by the magistrate judge in the R&R.

## III. CONCLUSION

For the reasons set forth in the R&R, Respondent's motion to dismiss is GRANTED without prejudice and Petitioner's motion to stay is DENIED for lack of jurisdiction.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment for Respondent, to terminate all pending motions, and to close this case.

SO ORDERED.

Dated: September 26, 2024
New York, New York

GREGORY H. WOODS
United States District Judge