```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/19/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MEMORANDUM ENDORSED**

MARILENA C. PAROLISE,

        PETITIONER,

-v-

PORTFOLIO RECOVERY ASSOCIATES, LLC,

        RESPONDENT.

Civil Action No.: 1:24-cv-01382-GHW-KHP

**JOINT MOTION TO SEAL PAGES 11-52 OF DKT. NO. 35-17**

Petitioner, Marilena C. Parolise ("Petitioner"), and Respondent, Portfolio Recovery Associates, LLC ("PRA") (together, the "Parties"), hereby jointly move this Court to seal pages 11-52 of Docket Number 35-17 and respectfully request the Court enter an order sealing the same. In support of their Motion and Request, the Parties state as follows:

Petitioner filed Docket Number 35-17 as an exhibit to a Declaration submitted in support of her Emergency Motion to Stay Arbitration. *See* Dkt. Nos. 33-35. Pages 11-52 of Docket Number 35-17 contains a purchase agreement between PRA and a third party. This document, also known as a "Forward Flow Accounts Purchase Agreement" (the "FFA"), contains details regarding the purchase price and certain other non-public and negotiated terms, representations and warranties between PRA and the third party. Although some details were already redacted when the document was uploaded to PACER, PRA and the third parties with which it contracts consider these contracts highly confidential and regularly move to seal them in the instances when they are used in litigation.[1]

---

[1]     This document was subject to a protective order in the underlying arbitration Petitioner sought to stay. *See* Dkt. No. 56, Exhibit A. Petitioner asserts this protective order is not valid or binding since the Arbitrator who entered it is not licensed to practice law in Florida, she was not authorized to conduct a Florida arbitration absent Petitioner's express written consent, and because no final award was entered in the arbitration proceeding, she contends the protective order has no impact on the parties following the

1

Courts in the Second Circuit follow the three-part test set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) when considering sealing requests. *See Pauwels v. Bank of N.Y. Mellon Corp.*, No. 19-cv-2313 (RA), 2025 U.S. Dist. LEXIS 4744, at *2-3 (S.D.N.Y. Jan. 7, 2025). First, a court must determine "whether the documents at issue are 'judicial documents' by examining whether they are 'relevant to the performance of the judicial function and useful in the judicial process.'" *Id.* (citation omitted). "If the documents are judicial, then a common law presumption of public access attaches, and the Court must, at the second step, determine the weight of that presumption along a continuum from low to high." *Id.* at *3 (citation omitted). The strength of the presumption of access "will be strongest when the material will 'directly affect' adjudication of the merits and weakest when the documents will 'play only a negligible role.'" *Id.* at *4 (citation omitted). Finally, a court must weigh the "strength of the presumption of public access against any countervailing interests, such as the 'privacy interests' of those involved." *Id.* at *3 (citation omitted).

Here, the FFA is considered a judicial document because it was filed in support of Petitioner's Emergency Motion. *See Pauwels*, 2025 U.S. Dist. LEXIS 4744, at *4 (finding documents filed with the court in support of a motion "are, by definition, judicial documents.") (citation omitted). However, the common-law presumption of public access is relatively low because the document played no apparent role in the Court's decision to deny Petitioner's Emergency Motion to Stay, nor is it explicitly relied upon in Petitioner's Emergency Motion. *See* Dkt. Nos. 34 & 49. Petitioner did not intend to file the FFA on the docket but instead, planned to file a modified version of Docket Number 35-17 with the FFA excluded. *See* Dkt. No. 57. As such, the FFA played only a "negligible

---

conclusion of the arbitration. PRA disagrees with Petitioner's assertions and attaches the protective order to emphasize the confidential nature of the document and underscore PRA's efforts to keep the document from being publicly disclosed.

role" in the adjudication of the merits in this proceeding. *See Pauwels*, 2025 U.S. Dist. LEXIS 4744, at *4. Moreover, this low presumption of access is outweighed by countervailing interests, namely the fact that the general public's continued access to this document could potentially affect PRA's competitive position in its industry and its ability to negotiate the contracts it relies upon to conduct its business. *See Pauwels*, 2025 U.S. Dist. LEXIS 4744, at *5 (considering motion to seal and finding the presumption of access was outweighed by harm to the defendants' future ability to negotiate agreements if the documents were not sealed); *see also* PRA's Mot. Reopen, Dkt. No. 56.

Accordingly, Petitioner and PRA jointly submit that pages 11-52 of Docket Number 35-17 should be sealed and respectfully request the Court enter an order sealing the same.

Dated:   July 1, 2025

By: */s/ Marilena C. Parolise*
Marilena C. Parolise
14902 Arbor Springs Cir
Apt. 201
Tampa, FL 33624
(917) 257-6464
mparolise@yahoo.com
*Petitioner Pro Se*

By: */s/ Rachelle Pointdujour*
Rachelle Pointdujour, Esq.
875 Third Avenue
New York, New York 10022
(212) 704-6450
Rachelle.Pointdujour@troutman.com
*Counsel for Respondent Portfolio Recovery Associates, LLC*

Application granted. In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars sealing. *See* 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted). Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id.* (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

Having evaluated these factors, the motion to seal is granted. The documents sought to be sealed are judicial documents. However, the weight of the presumption is low; the sealed documents had no role in the Court's decision to deny Petitioner's Motion to Stay. *See* Dkt. No. 49 (the "R&R"); Dkt. No. 53 (order adopting the R&R). Additionally, there are legitimate factors that counsel against disclosure. For example, the information contains confidential details regarding the purchase price and other negotiated terms, representations and warranties between Respondent and a third party. As Respondent has previously explained, the improper disclosure of these negotiated terms would reveal its "competitive position in the debt purchasing market" because, "if the terms are made public, it would provide potential creditor-sellers an advantage in negotiations with [Respondent] if they are able to view [Respondent's] prior agreements with other sellers." *See* Dkt. No. 56 (letter seeking leave to file motion to seal). The sealed documents therefore reflect "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (approving redactions). The factors that counsel against disclosure described in this letter and in Dkt. No 56—principally Respondent's business interests—outweigh the public's interest in disclosure of the sealed information at this time. As a result, the motion to seal is granted with respect to Pages 11-52 of Dkt. No. 35-17.

Dkt. No. 35-17 has already been sealed in its entirety in light of this pending motion. That exhibit will remain under seal. Respondent is directed to publicly refile the exhibit with the permitted redactions of pages 11-52.

SO ORDERED.

Dated:  August 19, 2025

GREGORY H. WOODS
United States District Judge